UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| *versus* | § § | C.A. No.: H-25-6137 (CDCS: 2026A02363) |
| KYOUNGSUN YOU dba HANKANG, | § § § | |

## MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW United States of America ("USA"), plaintiff, and moves for final judgment against the above-named defendant in the above-styled and numbered cause of action for the reason that Kyoungsun You dba Hankang, defendant has not answered, although duly summoned in the manner and for the length of time prescribed by law, and would further show that service was made on the defendant and to plaintiff's knowledge defendant was not at the time of service in the military or naval service of the United States of America.

The debt owed to the United States government arose through the U.S. Small Business Administration Authorization (SBA Express/Patriot Express Loan) and Note which are attached as Exhibits 1 and 2 to this motion.

WHEREFORE, plaintiff prays for final judgment in the amount and in the form of the proposed judgment attached hereto.

Respectfully Submitted,

By: */s/ M. H. Cersonsky*
M. H. Cersonsky, TBA #04048500, Fed #5082
Email: mhcersonsky@law-cmpc.com
1770 St. James Place, Suite 150
Houston, Texas 77056

Tel. No.: (713) 600-8500
Fax No.: (713) 600-8585
**Attorney for United States of America**

OF COUNSEL:
CERSONSKY & MCANELLY, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on February ___16th___, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which has served the document on all CM/ECF participants, and I sent the foregoing to the non-CM/ECF participants in the manner indicated below:

***Via CM/RRR: # 9589 0710 5270 3733 9927 93***
***and First Class U.S. Mail***
Kyoungsun You dba Hankang
c/o Min Un Lee, Attorney
9432 Katy Freeway, Suite 150
Houston, Texas 77055

*/s/ M. H. Cersonsky*
M. H. Cersonsky

CSNG #14914980

U.S. Small Business Administration

## AUTHORIZATION
### (SBA*Express*/Patriot Express LOAN)

**SBA Loan#: 65408250-10**

U.S. Small Business Administration:
**Houston District Office**
8701 S. Gessner Drive, Suite 1200
Houston, Texas 77074

Lender:
**JPMorgan Chase Bank, NA**
1111 Fannin St., 15th Floor
Houston, TX 77002

Lender is issuing this SBAExpress or Patriot Express Loan Authorization for SBA to guarantee **50%** of a loan in the amount of **$50,000.00** to be made by Lender to assist:

Borrower:   **Kyoungsun You DBA Hankang**
            **9501 Long Point Rd Ste K**
            **Houston, TX 77055**

Lender's issuance is in accordance with either the SBAExpress Supplemental Loan Guaranty Agreement between Lender and SBA for an SBAExpress Loan or the Patriot Express Supplemental Loan Guaranty Agreement between Lender and SBA for a Patriot Express Loan.

This Authorization is subject to the application submitted by Borrower and the following terms and conditions:

1. Lender must comply with current SBA Form 750, and the provisions of the Small Business Act, 15 U.S.C. § 631, et. seq., SBA regulations, SBA Standard Operating Procedures, SBA Official Notices, the SBAExpress Program Guide or the Patriot Express Pilot Loan Initiative Procedural Guide (depending on the type of loan), and the SBAExpress Supplemental Loan Guaranty Agreement or the Patriot Express Supplemental Loan Guaranty Agreement between Lender and SBA (depending on the type of loan), all of which may be amended from time to time.

2. Lender must make first disbursement of the loan no later than **6** months, and complete disbursement no later than **12** months, from the date of this Authorization. For a revolving line of credit loan, Lender must make no disbursement of this loan beyond the maturity date.

3. For loans with a maturity of more than 12 months, Lender must pay a guaranty fee of 2% of the amount guaranteed for loans of $150,000 or less (Lender may retain no more than 25% of this fee) and 3% for loans of more than $150,000 to the Small Business Administration, Denver, CO 80259-0001, within 90 days of the date of this Authorization. For loans with a maturity of 12 months or less, Lender must pay a guaranty fee of .25% of the amount guaranteed to the same address within 10 days after SBA issued the SBA Loan Number. **The guaranty fee for this loan is $0.00.**

4. Lender must have Borrower execute a Note containing the following repayment terms:

**This Note will mature in 7 year(s) and 0 month(s) from the date of Note.**

**EXHIBIT 1**

CSNG #14914980

The interest rate on this loan will fluctuate. The initial interest rate is **6.75%** per year. The initial rate is the prime rate plus **3.50%**.

Payments of accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, until the Final Availability Date. The term "Final Availability Date" as used herein means the 3 year anniversary date of this Note. Effective, without any further notice, after the Final Availability Date, no further advances under this line of credit will be available. Thereafter, on the same calendar day as payments were due prior to the Final Availability Date, 47 monthly payments shall be due with each payment equal to the greater amount of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other unpaid amounts due under this Note.

5. Lender must develop and maintain evidence of a system or process to reasonably ensure that proceeds of loan were used for the following eligible business purposes:

**$50,000.00**                                         **Working Capital**

6. Lender must satisfy the following collateral conditions:

**Collateral:** First Lien Security Interest in All Business Assets

**Guaranty(ies) of:** N/A

LENDER

By: *Monica Espitia*                                         11/19/2013
(Authorized Signature)                                         (Date)

Monica M Espitia, Loan Coordinator
(Print Name/Title)

CSNG #14914980



Line of Credit Note

$100,000.00
Date: January 26, 2016

**Promise to Pay.** KYOUNGSUN YOU (the "Borrower") promises to pay to JPMorgan Chase Bank, N.A., whose address is 3077 Fry Rd, Katy, TX 77449 (the "Bank") or order, in lawful money of the United States of America, the sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) or so much thereof as may be advanced and outstanding:

Accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, beginning on March 9, 2016 and on the same calendar day monthly thereafter until the Final Availability Date. As of the Final Availability Date, no further advances under this Note will be available. Thereafter, 47 consecutive monthly payments shall be due on the same calendar day as payments were due prior to the Final Availability Date, in an amount equal to the greater of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other amounts due under this Note.

Interest on this Note is computed on the basis of the actual number of days elapsed in a year of 360 days at the rate of 4.05% Per Annum above the Prime Rate (the "Note Rate"), and at the rate of 3.00% Per Annum above the Note Rate, at the Bank's option, upon the occurrence of any default under this Note, whether or not the Bank elects to accelerate the maturity of this Note, from the date such increased rate is imposed by the Bank. In this Note, "Prime Rate" means the rate of interest Per Annum announced from time to time by the Bank as its prime rate. The Prime Rate is a variable rate and each change in the Prime Rate is effective from and including the date the change is announced as being effective. THE PRIME RATE IS A REFERENCE RATE AND MAY NOT BE THE BANK'S LOWEST RATE.

In no event shall the interest rate exceed the maximum rate allowed by law. Any interest payment that would for any reason be unlawful under applicable law shall be applied to principal.

Interest will be computed on the unpaid principal balance from the date of each borrowing.

The Borrower shall make all payments on this Note and the other Related Documents, without setoff, deduction, or counterclaim, to the Bank at the Bank's address above or at such other place as the Bank may designate in writing. If any payment of principal or interest on this Note shall become due on a day that is not a Business Day, the payment will be made on the next succeeding Business Day. The term "Business Day" in this Note means a day other than a Saturday, Sunday or any other day on which national banking associations are authorized to be closed. Payments shall be allocated among principal, interest and fees at the discretion of the Bank unless otherwise agreed or required by applicable law. Acceptance by the Bank of any payment that is less than the payment due at that time shall not constitute a waiver of the Bank's right to receive payment in full at that time or any other time.

**Annual Fee.** A non-refundable annual fee of $150.00, or such other amount as advised by the Bank, may be charged to this Note for each year that advances are available under this Note or for each year there remains a principal amount outstanding on this Note. No refund of any part of the annual fee will be made in the event of cancellation of this Note for any reason. The annual fee for the first year will be $150.00. If the annual fee has been waived by the Bank based on any promotional offer made in connection with Borrower's Chase business checking account, the annual fee may be reinstated by the Bank if such account is closed for any reason whatsoever.

**Credit Holds.** Notwithstanding anything to the contrary in this Note, the Bank may apply all payments and credits in accordance with the standard operating procedures of the Bank and with the requirements of applicable law. For billing and interest accrual purposes, credit for the payment is given on the Business Day the payment is processed and posted to the account. Nevertheless, after processing the Bank may elect to verify the receipt of good funds or otherwise elect to place a "credit hold" on such payments before releasing any payment amount as available credit for additional advances on the line of credit.

The Bank makes the following line of credit payments available for readvance the next Business Day after processing: (a) electronic payments, (b) payments made on Chase.com, and (c) payments made at any branch office of the Bank if made (i) by check drawn upon a deposit account with the Bank or (ii) in cash. The Bank currently places a credit hold on most other payments for a period of seven days commencing on the Business Day the payment is processed; provided that when the day following the seventh day of the
BBHD

031161026210

# EXHIBIT 2

CSNG #14914980

credit hold period is not a Business Day, then the payment amount will not be available for additional advances until the next Business Day.

The Bank may change its credit hold policy from time to time and will advise Borrower, including by inclusion of a message on the billing statement for this Note. To preclude an overdraft during the credit hold period Borrower must remember the portion of each payment intended to reduce the principal balance may not be immediately available for additional advances on the line of credit. The balance available for advances can be verified by contacting the Bank on-line, by telephone or in person at a branch location.

**Bank's Rights to Limit Credit Availability.** Regardless of whether a default exists under this Note, the Bank may exercise any of the following options:

**Reductions in Credit Available.** Upon written notice to Borrower, in its sole discretion and for any reason, the Bank may reduce the maximum amount of credit available under this Note to an amount that will not be less than the principal balance then outstanding at the date the notice is provided. Notwithstanding any such reduction, all other provisions of this Note shall remain in full force and effect, including the payment terms as set forth in this Note, and including the Bank's right to convert the line of credit, or to elect to make future further reductions in the available credit. The effective date of the reduction in credit available shall be the date stated in the notice the Bank provides to the Borrower.

**Termination of Revolving Credit.** The Bank's obligation to make revolving advances shall terminate as of the third anniversary date of this Note and the Note shall convert to a term note. Prior to the third anniversary date of this Note, upon written notice to the Borrower, in its sole discretion and for any reason, the Bank may terminate its obligation to make revolving advances under this Note and convert this Note to a term note. The effective date of the conversion to a term note shall be the earlier of the date stated in the notice the Bank provides or the third anniversary date of this Note and this date shall be known as the "Final Availability Date."

**Line of Credit Advances.** The Note evidences a revolving line of credit. The unpaid balance of this Note shall increase and decrease with advances and payments made from time to time. Until the earlier of the third anniversary date of this Note, the Final Availability Date or the occurrence of any default, Borrower may borrow, pay down and reborrow under this Note. Advances under this Note shall be deemed to have been authorized by Borrower, and Borrower agrees to be liable for all such advances, if either (a) requested orally or in writing by the Borrower or by an authorized person or (b) credited to any of Borrower's accounts with the Bank. Each person or entity signing this Note on behalf of the Borrower and each guarantor is an authorized person. The Bank may, but need not, require that all oral requests be confirmed in writing. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by the Bank's internal records, including daily computer printouts. The Bank will have no obligation to advance funds under this Note if: (a) any Event of Default has occurred; (b) any Obligor ceases doing business or is insolvent; (c) any guarantors seek, claim or otherwise attempts to limit, modify or revoke their guarantee of this Note or any other loan with the Bank; (d) Borrower has applied funds provided pursuant to this Note for purposes other than those authorized by the Bank; or (e) the Bank in good faith believes itself insecure.

**Methods for Advances.** Additional advance procedures applicable to this Note include the following: The principal amount of this Note may be advanced by means including but not limited to, where available, check(s), telephone transfer/access, and online transfers and may be repaid and re-advanced in full or part until the Final Availability Date. Borrower assumes liability for, and agrees to pay for, purchases and cash advances made by Borrower or anyone authorized by Borrower, through use of any method of advance, and agrees to pay, at such place as the Bank designates, all extensions of credit and charges in accordance with statement billings and the interest, fees and other charges as same may be modified from time to time by the Bank. Borrower is bound and liable for repayment of the entire Note, regardless of who received the benefit of the transaction(s) or to whom any advance of credit was made. If the Bank should make any advance in excess of the maximum principal amount of this Note, the making of the advance shall not be deemed to constitute an increase in the maximum principal amount of this Note and shall be due and payable upon demand.

**Overdraft Facility.** The principal amount of this Note may also be advanced to Borrower's designated checking account(s) at the Bank and/or another JPMorgan Chase & Co. affiliate (individually and collectively referred to as the "Deposit Account") if any check or other charge against the Deposit Account exceeds the available balance of the Deposit Account. Borrower must confirm in writing any request for such overdraft protection for the Deposit Account. Such advances will be in $50.00 increments or as otherwise provided in the Account Rules and Regulations, now existing or hereafter modified, rounded up to cover the entire amount by which the check(s) or other charges exceed(s) the available Deposit Account balance. If the available balance of this Note is not sufficient to cover the entire overdraft, the Bank will transfer the maximum available Note balance. The bank where the Deposit Account is maintained will pay items in accordance with the Deposit Account Rules and Regulations, now existing or hereafter modified. If the amount transferred is less than the amount of the overdraft, all checks or other charges may not be paid. Advances on this Note will be made to cover an overdraft created by any authorized signer on the Deposit Account, even if that authorized signer is not a Borrower.

**Stop Payment Fee.** A stop payment charge of $25.00 will be assessed and charged directly to this Note for each check written against this Note upon which a stop payment order is issued.

BBHD                                    2                                    031161026210

CSNG #14914980

**Late Fee.** If a payment is 10 days or more late, Borrower will be charged a late fee of 5.00% of the payment due or $25.00, whichever is greater, up to the maximum amount of $250.00 per late fee. Borrower shall pay the late payment charge upon demand by the Bank or, if billed, within the time specified.

**Dishonored Item Fee.** The Borrower will pay a fee to the Bank of $25.00 if the Borrower makes a payment on this Note and the check or preauthorized charge with which the Borrower pays is later dishonored.

**Purpose of Loan.** The Borrower acknowledges and agrees that this Note evidences a loan for a business, commercial, agricultural or similar commercial enterprise purpose, and that no advance shall be used for any personal, family or household purpose. The proceeds of the loan shall be used only for the Borrower's working capital purposes.

**Credit Facility.** The Bank has approved a credit facility to the Borrower in a principal amount not to exceed the face amount of this Note. The credit facility is in the form of advances made from time to time by the Bank to the Borrower. This Note evidences the Borrower's obligation to repay those advances. The aggregate principal amount of debt evidenced by this Note is the amount reflected from time to time in the records of the Bank. Until the earliest to occur of maturity, declaration of Final Availability Date by the Bank, any default, event of default, or any event that would constitute a default or event of default but for the giving of notice, the lapse of time or both, the Borrower may borrow, pay down and reborrow under this Note subject to the terms of the Related Documents.

**Renewal and Extension.** This Note is given in replacement, renewal and/or extension of, but not in extinguishment of the indebtedness evidenced by, that Line of Credit Note dated December 9, 2013 executed by the Borrower in the original principal amount of Fifty Thousand and 00/100 Dollars ($50,000.00), including previous renewals or modifications thereof, if any (the "Prior Note" and together with all loan agreements, credit agreements, reimbursement agreements, security agreements, mortgages, deeds of trust, pledge agreements, assignments, guaranties, and any other instrument or document executed in connection with the Prior Note, the "Prior Related Documents"), and is not a novation thereof. All interest evidenced by the Prior Note shall continue to be due and payable until paid. The Borrower fully, finally, and forever releases and discharges the Bank and its successors, assigns, directors, officers, employees, agents, and representatives (each a "Bank Party") from any and all causes of action, claims, debts, demands, and liabilities, of whatever kind or nature, in law or equity, of the Borrower, whether now known or unknown to the Borrower (i) in respect of the Liabilities or any indebtedness evidenced by the Prior Note and the Prior Related Documents, or of the actions or omissions of any Bank Party in any manner related to the Liabilities or any indebtedness evidenced by the Prior Note or the Prior Related Documents and (ii) arising from events occurring prior to the date of this Note ("Claims"); provided, however, that the foregoing RELEASE SHALL INCLUDE ALL CLAIMS ARISING OUT OF THE NEGLIGENCE OF ANY BANK PARTY, but not the gross negligence or willful misconduct of any Bank Party. If applicable, all Collateral continues to secure the payment of this Note and the Liabilities. The provisions of this Note are effective on the date that this Note has been executed by all of the signers and delivered to the Bank.

**Usury.** To the extent any law other than Federal law or Ohio law is deemed to govern this Note with respect to interest, the following provisions shall apply: The Bank does not intend to charge, collect or receive any interest that would exceed the maximum rate allowed by law. If the effect of any applicable law is to render usurious any amount called for under this Note or the other Related Documents, or if any amount is charged or received with respect to this Note, or if any prepayment by the Borrower results in the payment of any interest in excess of that permitted by law, then all excess amounts collected by the Bank shall be credited on the principal balance of this Note (or, if this Note and all other indebtedness arising under or pursuant to the other Related Documents shall have been paid in full, refunded to the Borrower), and the provisions of this Note and the other Related Documents shall immediately be deemed reformed and the amounts thereafter collectable reduced, without the necessity of the execution of any new document, so as to comply with the then applicable law. All sums paid, or agreed to be paid, by the Borrower for the use, forbearance, or detention of money under this Note or the other Related Documents shall, to the maximum extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the rate or amount of interest on account of such indebtedness does not exceed the usury ceiling from time to time in effect and applicable to such indebtedness for so long as such indebtedness is outstanding.

**U.S. Small Business Administration Program Provisions.** The Borrower hereby certifies to Bank and to the U.S. Small Business Administration ("SBA"), which may guarantee a portion of this Note, that as of the date of this Note: (a) there has been no adverse change in the Borrower's financial condition, organization, operations or fixed assets since the date of the application for this extension of credit; (b) the Borrower is current on all federal, state, and local taxes, including, but not limited to, income taxes, payroll taxes, real estate taxes, and sales taxes; and (c) all business and personal tax returns, financial statements, projections and other information submitted by the Borrower as part of the loan application are accurate, true and complete; including, but not limited to, accurately representing all assets and liabilities of the spouse or minor children (each, as applicable) of the Borrower. The Borrower fully understands that the tax returns, financial statements, projections and other information of the Borrower submitted in connection with the loan application are being relied upon by Bank and SBA in making their decision regarding the extension of credit under the terms of this Note.

BBHD

3

031161026210

CSNG #14914980

The Borrower acknowledges and agrees that the Borrower's liability under this Note will continue with respect to any amounts SBA may pay Bank based on an SBA guarantee of this Note. Any agreement with Bank under which SBA may guarantee this Note does not create any third party rights or benefits for the Borrower and, if SBA pays Bank under such an agreement, SBA or Bank may then seek recovery from the Borrower of amounts paid by SBA.

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Bank or SBA may use state or local procedures for filing papers, recording documents, giving notices, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, the Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

**Per Annum.** In this Note the term "Per Annum" means for a year deemed to be comprised of 360 days, unless the calculation would result in a usurious interest rate, in which case interest will be calculated on the basis of a 365 or 366 day year, as the case may be.

[The remainder of the page is intentionally left blank.]

CSNG #14914980

**Miscellaneous.** This Note binds the Borrower and its successors, and benefits the Bank, its successors and assigns. Any reference to the Bank includes any holder of this Note. This Note is subject to that certain Credit Agreement by and between the Borrower and the Bank, dated January 26, 2016, and all amendments, restatements and replacements thereof (the "Credit Agreement") to which reference is hereby made for a more complete statement of the terms and conditions under which the loan evidenced hereby is made and is to be repaid. The terms and provisions of the Credit Agreement are hereby incorporated and made a part hereof by this reference thereto with the same force and effect as if set forth at length herein. No reference to the Credit Agreement and no provisions of this Note or the Credit Agreement shall alter or impair the absolute and unconditional obligation of the Borrower to pay the principal and interest on this Note as herein prescribed. Capitalized terms not otherwise defined herein shall have the meanings assigned to such terms in the Credit Agreement. If any one or more of the obligations of the Borrower under this Note or any provision hereof is held to be invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining obligations of the Borrower and the remaining provisions shall not in any way be affected or impaired; and the invalidity, illegality or unenforceability in one jurisdiction shall not affect the validity, legality or enforceability of such obligations or provisions in any other jurisdiction. Time is of the essence under this Note and in the performance of every term, covenant and obligation contained herein.

THIS NOTE AND THE OTHER RELATED DOCUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.
THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Address: 1618 HOLLOW HOOK RD
HOUSTON, TX 77080

Borrower:

_____
KYOUNGSUN YOU

Date Signed: 1/26/16

The Bank is executing this Note for the purpose of acknowledging and agreeing to the notice given under §26.02 of the Texas Business and Commerce Code and the Bank's failure to execute or authenticate this Note will not invalidate this Note.

Bank:

JPMorgan Chase Bank, N.A.
By: _____
Zandra Rodriguez   Vice President
Printed Name    Title

05TX1730074.5

BBHD                                    5                         031161026210